UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARYL KINCEY,<br><br>    Plaintiff,<br><br>    v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>    Defendant. | NO. CV 06-8074 AGR<br><br>MEMORANDUM OPINION AND ORDER |

    Daryl Kincey filed this action on December 22, 2006. On March 20, 2007, the case was transferred to Magistrate Judge Alicia G. Rosenberg. Pursuant to 28 U.S.C. § 636(c), the parties filed Consents to proceed before Magistrate Judge Rosenberg on March 29, 2007, and April 2, 2007. On August 6, 2007, the parties filed a Joint Stipulation ("Joint Stip.") that addressed the disputed issues. The Court has taken the matter under submission without oral argument.

    Having reviewed the entire file, the Court remands this matter to the Commissioner for proceedings consistent with this opinion.

///

///

///

**I.**

## PROCEDURAL BACKGROUND

On November 8, and October 24, 2004, Kincey filed applications for disability insurance benefits and supplemental security income benefits. A.R. 17. The Commissioner initially denied the applications. *Id.* Kincey requested a hearing. *Id.* The Administrative Law Judge ("ALJ") conducted a hearing on January 11, 2006, at which Kincey was the only witness. A.R. 549-74. On April 21, 2006, the ALJ issued a decision denying benefits. A.R. 17-22. Kincey filed a request for review of the ALJ decision. A.R. 11. On October 20, 2006, the Appeals Council denied the request for review. A.R. 4-7. This lawsuit followed.

**II.**

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to deny benefits. The decision will be disturbed only if it is not supported by substantial evidence, or it is based upon the application of improper legal standards. *Moncada v. Chater*, 60 F.3d 521, 523 (9th Cir. 1995); *Drouin v. Sullivan*, 966 F.2d 1255, 1257 (9th Cir. 1992).

"Substantial evidence" means "more than a mere scintilla but less than a preponderance – it is such relevant evidence that a reasonable mind might accept as adequate to support the conclusion." *Moncada*, 60 F.3d at 523. In determining whether substantial evidence exists to support the Commissioner's decision, the Court examines the administrative record as a whole, considering adverse as well as supporting evidence. *Drouin*, 966 F.2d at 1257. When the evidence is susceptible to more than one rational interpretation, the Court must defer to the Commissioner's decision. *Moncada*, 60 F.3d at 523.

///
///
///

## III.

## DISCUSSION

### A. Pertinent Legal Standards

#### 1. Definition of Disability

"A person qualifies as disabled, and thereby eligible for such benefits, "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." *Barnhart v. Thomas*, 540 U.S. 20, 21-22, 124 S. Ct. 376, 157 L. Ed. 2d 333 (2003).

#### 2. Step Four[1] - Capacity to Perform Past Relevant Work

The claimant bears the burden of showing that he can no longer perform his past relevant work. *Pinto v. Massanari*, 249 F.3d 840, 844 (9th Cir. 2001). Past relevant work is work the claimant has done within the past 15 years that was substantial gainful activity and that lasted long enough for the claimant to learn to do it. 20 C.F.R. § 404.1560(b)(1).

"Although the burden of proof lies with the claimant at step four, the ALJ still has a duty to make the requisite factual findings to support his conclusion." *Pinto*, 249 F.3d at 844. "The claimant must be able to perform: 1. The actual functional demands and job duties of a particular past relevant job; or 2. The functional demands and job duties of the occupation as generally required by employers throughout the national economy."[2] *Id.* at 845. The ALJ must make

---

[1] "Social Security Regulations set out a five-step sequential process for determining whether a claimant is disabled within the meaning of the Social Security Act." *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). Step 4 asks whether "the claimant [is] able to do any work that he . . . has done in the past." *Id.*

[2] The ALJ is not required to make "explicit findings at step four regarding a claimant's past relevant work as generally performed *and* as actually performed." *Pinto*, 249 F.3d at 845 (emphasis in original). "The claimant has the burden of proving an inability to return to his former *type* of work and not just to his former

"specific findings as to the claimant's residual functional capacity, the physical and mental demands of the past relevant work, and the relation of the residual functional capacity to the past work." *Id.*; Social Security Ruling ("SSR") 82-62.[3]

### B.   The ALJ's Findings

The ALJ found that Kincey had "hypertension, status post bilateral knee surgeries (right and left); status post shoulder surgeries with limited range of motion and weakness; degenerative joint disease of bilateral knee; and constant low back pain." A.R. 19. The ALJ concluded that Kincey was "capable of performing his past relevant work as a graphic artist, as actually and generally performed. This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity." A.R. 22. The ALJ found that Kincey had "the residual functional capacity to perform the exertional demands of sedentary work." *Id.* 20. Specifically, the ALJ found that Kincey "can sit for 2 hours and stand/walk for one hour, in an 8-hour workday." *Id.* The ALJ also found that Kincey's work history report, which stated that in his previous job at Pacific Image he sat for 6 hours in an 8-hour workday, was "accurate." *Id.* 21 (citing to A.R. 99); *see also* A.R. 562 (Kincey's testimony confirms 6-hour figure in work report).

With respect to the work of a graphic artist, as "generally performed," the ALJ cited the Dictionary of Occupational Titles ("DOT") #141.061-22 (1991 WL 647095 (G.P.O.).[4] A.R. 21.

///

---

job." *Villa v. Heckler*, 797 F.2d 794, 798 (9th Cir. 1986) (emphasis in original).

[3] "Social Security rulings do not have the force of law. Nevertheless, they constitute Social Security Administration interpretations of the statute it administers and of its own regulations," and are given deference "unless they are plainly erroneous or inconsistent with the Act or regulations." *Han v. Bowen*, 882 F.2d 1453, 1457 (9th Cir. 1989) (citation and footnotes omitted).

[4] The ALJ appears to have made a typographical error and cited DOT #141.060-022. There is no such number in the DOT.

4

### C. Whether the ALJ's Finding that Kincey Had the Capacity to Perform His Past Relevant Work as a Graphic Artist Was Supported by Substantial Evidence

With respect to the work as "actually performed," the ALJ found that Kincey could sit for 2 hours in an 8-hour workday. A.R. 20. This finding is inconsistent with the record. Dr. Bass, Kincey's treating physician, whose report the ALJ adopted (A.R. 21-22), stated that Kincey could sit for 2 hours "at one time" and a "total" of 5 hours in an 8-hour workday. A.R. 511. Moreover, the ALJ specifically found that Kincey's description that he had to sit for 6 hours total in an 8-hour workday was "accurate." A.R. 21. Thus, the ALJ's findings regarding Kincey's work as "actually performed" are unsupported by substantial evidence. Dr. Bass found that Kincey could sit no more than five hours in an eight-hour work day, and Kincey testified he had to sit six hours in an 8-hour workday in a past job.[5]

With respect to the work as "generally performed," the ALJ cites DOT #141.061-022. A.R. 21. That job title listing describes the work of a graphic artist as sedentary, involving "sitting most of the time, but may involve walking or standing for brief periods of time." 1991 WL 647095. Although the job listing does not ascribe a specific number of hours to the phrase "sitting most of the time," SSR 96-9p states that in sedentary work "[s]itting would generally total about 6 hours of an 8-hour workday." *See also* SSR 83-10 (same); *Tackett*, 180 F.3d 1094, 1103 (9th Cir. 1999) ("'Sedentary work' contemplates work that involves the ability to sit through most or all of an eight hour day"). Thus, the ALJ's conclusion that Kincey can perform the work of a graphic artist as

---

[5] The Commissioner's contention that the five hours circled in Dr. Bass's report does "not correspond to an actual limitation, but to the remainder of the time to be considered, given the maximum time that Plaintiff could walk and stand in an eight-hour day" is unsupported. Joint Stip. at 7. The form does not require that the numerical hours circled in the three activity categories (sit, stand, walk) of "total during entire 8-hour day" add up to eight. In fact, the form instructs the doctor to "[c]ircle full capacity for each activity." A.R. 511.

1 "generally performed" is not supported by the evidence on which the ALJ relied
2 (Dr. Bass's opinion and Kincey's testimony) which, as noted earlier, indicate that
3 Kincey can sit a maximum of five hours in an eight-hour workday.

Because the ALJ's findings that Kincey could perform his past relevant work, whether as actually or generally performed, were not supported by substantial evidence, his decision must be reversed.

## IV.
## ORDER

The following is ORDERED:

1. The decision of the Commissioner is reversed, and the matter is remanded for further proceedings on Step Five.

2. The Clerk of the Court shall serve copies of this Order and the Judgment on all parties.

DATED:  February 7, 2008

                                      ALICIA G. ROSENBERG
                                      United States Magistrate Judge